UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| IN RE | Case No. 19-14906-jps |
| | CHAPTER 13 |
| JEFFREY S. CARMAN | |
| GLENDA CARMAN | JUDGE JESSICA PRICE SMITH |
| DEBTOR(S) | DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN PRE-CONFIRMATION (Doc. 22) AND AMENDED CHAPTER 13 PLAN (Doc. 21) |

Debtors, Jeffrey and Glenda Carman, through Counsel, respectfully submit this Memorandum of Law in Support of their Motion to Modify Plan.

The Debtors' Motion to Modify Plan (DOC #22) and proposed Amended Plan (DOC #21) propose to bifurcate the secured and unsecured portions of the claims filed by Creditors Nationstar Mortgage (hereinafter "Mr. Cooper") (Claim 2-1) and Creditor U.S. Bank National Association as Trustee for Adjustable Rate Mortgage Trust 2005-5 Mortgage Backed Pass-Through Certificates, Series 2005-5 (hereinafter "PHH") (Claim 3-1). PHH and the Chapter 13 Trustee have both objected to the proposed plan as being in violation of Section 1322(b)(2) of the Bankruptcy Code. *See* Doc. 29 and Doc. 30 - *Trustee's Objection*; *see also* Doc. 32 - PHH's objection. The language of this section is permissive, the plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;" *11 U.S.C.S. 1322(b)(2), (LexisNexis,*

*Lexis Advance through Public Law 116-128, approved March 21, 2020, with gaps of P.L. 116-109 through P.L. 116-122 and P.L. 116-124 through P.L. 116-126)*

Here, there is no dispute that Claim 3-1 is a mortgage which encumbers not only the dwelling commonly described as 2113 Harrison Avenue, Lorain Ohio, 44052, but also approximately 120 Square Feet of the adjacent dwelling, 2111 Harrison Avenue, Lorain Ohio, 44052, which encroaches upon the parcel secured by the PHH Mortgage. *See attached* Exhibit A- *Survey.* There are two issues before this court- (1) the significance of the use of the words "secured **only by** a security interest in real property that is the debtor's principal residence…" in 1322(b)(2), and whether the encroachment of the adjoining dwelling is a sufficient security interest to invoke the "only by" language in that statute. This Court should follow the decisions of other jurisdictions, and hold that the Debtor's proposed treatment of the PHH Claim conforms with the requirements of 1322(b)(2), because PHH's claim is a secured by a security interest that is not only a security interest in the debtors principal residence.

The law is well settled that a security interest in a duplex or multi-unit property is not "only" the debtor's principal residence, even if the debtor resides in one of the units. *Pawtucket Credit Union v. Picchi (In re Picchi),* 448 B.R. 870, 65 Collier Bankr. Cas. 2d (MB) 766 (1st Cir. B.A.P. 2011); see also *In re Kimbell,* 247 B.R. 35, (Bankr. W.D. NY 2000); see also *In re Zaldivar,* 441 B.R. 389, (Bankr. S.D. Fla. 2011); see also *In re Abrego,* 506 B.R. 509, (Bankr. N.D. Ill. 2014); see also *Lopez v. Credit Union One (In re Lopez),* 511 B.R. 517 (Bankr. N.D. Ill. 2014); see also *In re Lanois*, 516 B.R. 680 (Bankr. D.R.I. 2014); see also *In re Ramirez*, 785, 2014 Bankr. LEXIS 1782 (Bankr. S.D. Fla. Apr. 4, 2014); see also *In re Krus*, 582 B.R. 218

(Bankr. W.D. Wis. 2018); *see also* In re Colcord, *Order Overruling Ocwen's Objection to Debtor's Chapter 13 Plan*, Case No. 15-46941 (Bankr. E.D. MI 09/16/2015, J. Randoni)

Additional authority can be found in *In re Robinson,* a 2013 decision from the United States Bankruptcy Court for the Northern District of Illinois, where Judge Schmetter noted that:

> Although the Seventh Circuit has not yet considered the issue, other courts have ruled that 1322(b)(2) does not apply to prohibit modification of the mortgage on a property [*4] where the Debtor only occupied one unit of a multi-unit dwelling. *See......Scarborough v. Chase Manhattan Mortgage Corp. (In re Scarborough)*, 461 F.3d 406, 408, 412-13 (3d Cir.2006) (permitting strip-down on a two-unit property in which the debtor resided); *Chase Manhattan Mortgage Corp. v. Thompson (In re Thompson)*, 77 Fed.Appx. 57, 58 (2d Cir.2003) (permitting strip-down on a three-unit property in which the debtor resided); *Lomas Mortgage, Inc. v.Louis*, 82 F.3d 1, 7 (1st Cir. 1996) (permitting strip-down on a three-unit property in which the debtor resided); *First Nationwide Mortgage Corp. v. Kinney (In re Kinney)*, No. 3:98CV1753(CFD), 2000 U.S.Dist. LEXIS 22313, *11-13 (D.Conn. Apr. 12, 2000) (permitting modification of a two-unit property in which the debtor resided); *In re Stivender*, 301 B.R. 498, 500 n. 2 (Bankr.S.D.Ohio 2003) (permitting bifurcation on a two-unit property containing the debtor's residence); *In re Kimbell*, 247 B.R. 35, 38 (Bankr.W.D.N.Y.2000) (permitting bifurcation on a two unit property containing the debtor's residence); *Ford Consumer Fin. Co. v. Maddaloni (In re Maddaloni)*, 225 B.R. 277, 278 (D.Conn. 1998) [*5] (permitting bifurcation on a two-unit property containing the debtor's residence); *In re Del Valle*, 186 B.R. 347, 348-50 (Bankr.D.Conn. 1995) (permitting modification of a two-unit property, where the debtor lived in one unit and rented the other); *Adebanjo v. Dime Sav. Bank, FSB (In re Adebanjo)*, 165 B.R. 98, 100 (Bankr.D.Conn. 1994) (permitting bifurcation on a three-unit property containing the debtor's residence); *In re McGregor*, 172 B.R. 718, 721 (Bankr.D.Mass.1994) (permitting modification of a mortgage of a four-unit apartment building in which the debtor resided); *Zablonski v. Sears Mortgage Corp. (In re Zablonski)*, 153 B.R. 604, 606 (Bankr.D.Mass.1993) (holding that a mortgage encumbering a two-family home was not protected from modification)

*Robinson v. Bank of Am., N.A. (In re Robinson)*, Bankr.N.D.Ill. Nos. 12 B 43496, 12 AP 01816, 2013 Bankr. LEXIS 460, at *3-5 (Jan. 25, 2013)

Debtors' Counsel was unable to find an instructive ruling besides *Colcord* on this issue within the Sixth Circuit which is directly on point but as Judge Schmetter noted in *Robinson* above, the First, Second, and Third Circuits have all permitted modification of multi-unit properties. *Robinson*, 2013 Bankr. LEXIS 460 (Bankr. N.D. Ill. 2013). In fact, Debtors' Counsel was only able to find one case discussing cases taking the contrary position, but those cases appear to turn more upon 1123(b)(5), and may bear little weight here. *See In re Kelly,* Bankr.D.S.C. No. 15-06419-DD, 2016 Bankr. LEXIS 2088, at *13 (May 12, 2016), fn. 7. The Southern District of Ohio has held that "The anti modification provision of 11 U.S.C. § 1322(b)(2) does not protect a mortgage secured by a multi-family structure in which only one unit is used as the debtor's residence." *In re Stivender, 301 B.R. 498, 500* (Bankr.S.D.Ohio 2003), fn. 2, citing *In re Kimball, 247 B.R. 35* (Bankr. W.D. N.Y 2000)

Of course, the distinction here is that the mortgage held by PHH encumbers the Debtors' entire primary residence and only a portion of the adjoining rental property. This distinction is one that the Court need not address because PHH has already admitted it takes the position it considers its lien to only be secured by the multi-family structure. In response to a Request for Information sent pursuant to 12 C.F.R. 1024.36, Debtors' Counsel received a response from PHH dated March 17, 2020, which included a Broker Price Opinion prepared at the request of PHH, in which this dwelling is clearly classified as a Two to Four unit Residence, or Duplex, and which values BOTH dwellings, 2113 and 2111 Harrison, at a combined value of $90,000.00. *See Exhibit B*. This Court should accept PHH's own assertion of the nature of this property as multi-unit, and follow the well-reasoned line of cases cited above, particularly *In re Stivender.*

WHEREFORE Debtors Jeffrey Carman and Glenda Carman respectfully request that this Court grant Debtors' Motion to Modify (Doc. 22), issue an Order Confirming Debtors' Amended Plan (Doc. 21) and for all other relief this Court may deem just and proper.

Date: 04/03/2020	Respectfully submitted,

/s/ William C. Behrens
William C. Behrens 0093031
Of counsel

Marc E. Dann   0039425
Brian D. Flick 0081605
Whitney Kaster 0091540
DannLaw
PO Box 6031040
Cleveland, OH 44103
216/373-0539
216/373-0536 – fax
notices@dannlaw.com
Attorneys for Debtors

**CERTIFICATE OF SERVICE**

I hereby that on April 3, 2020, a copy of the foregoing MEMORANDUM OF LAW were sent electronically via the Court's CM/ECF system to the following registered ECF participants electronically through the Court's Electronic System at the email address registered with the Court:

US Trustee's Office Trustee@usdoj.gov

Lauren A. Helbling lauren@helblinglpa.comlhelbling@ecf.epiqsystems.com

Chris E. Manolis, Esq. counsel for Creditors at cmanolis@logs.com

PRA Receivables Management, at claims@recoverycorp.com

And by regular U.S. mail, postage prepaid on:

Debtors, and all Creditors in attached Matrix.

<u>/s/ William Behrens</u>
William C. Behrens 0093031
Of Counsel
DannLaw
