IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

IN RE:                                          Case No. 19-14906
JEFFREY S. CARMAN                 Chapter 13
GLENDA CARMAN                    Judge Jessica Price Smith

                 Debtors
_____ /

**RESPONSE OF U.S. BANK AS TRUSTEE TO DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION TO MODIFY PLAN PRE-CONFIRMATION (Doc. No. 22) and AMENDED CHAPTER 13 PLAN (Doc. No. 21).**

       Now comes U.S. Bank as Trustee for Adjustable Rate Mortgage Trust 2005-5 Mortgage Backed Pass-Through Certificates Series 2005-5 ("U.S Bank"), through counsel, and submits its Response to Debtors' Memorandum of Law in Support of Debtors' Motion to Modify Chapter 13 Plan Pre-Confirmation ("Motion") (Doc. No. 22) and Amended Chapter 13 Plan (Doc. No. 21). A memorandum in response is attached.

                                                            Respectfully Submitted,

                                                            **/s/ Amelia A. Bower**
                                                            Amelia A. Bower (No. 0013474)
                                                            Plunkett Cooney
                                                            300 East Broad Street, Suite 590
                                                            Columbus, Ohio 43215
                                                            Direct: 614/629-3004
                                                            Fax:    614/629-3019
                                                            abower@plunkettcooney.com

                                                            *Counsel for U. S. Bank as Trustee*

1

# MEMORANDUM

Debtors Jeffrey S. Carman and Glenda Carman seek to amend their Chapter 13 plan and to bifurcate Proofs of Claim filed by Nationstar Mortgage and U.S. Bank. Their challenge to the U.S. Bank Proof of Claim, although unstated in Debtor's Memorandum, is based in 11 U.S.C. § 506(d). The Debtors propose to modify their Plan pursuant to 11 U.S.C. § 1322(b)(2). The Nationwide claim issue is resolved.

## I. BACKGROUND

### A. Procedural posture of the case

Debtors' Motion to Modify Plan is Doc. No. 22. There is no supporting memorandum or basis for the relief requested in that document. Debtors' filed a separate memorandum in support on April 3, 2020 [Doc. No. 34].[1]

Debtors' Proposed Amended Plan is Doc. No. 21. Their Proposed Amended Plan Includes:

- \*   A limit on the amount of the secured claim of U.S. Bank (PHH/Ocwen) in property located at 2113 Harrison Avenue (Sec. 3.2)

- \*   Avoidance of a judicial lien or non-purchase money security interest which impairs the Debtors exemptions (not related to U.S. Bank) (Sec. 34).

The Chapter 13 Trustee filed an Objection to Debtors Motion to Modify Chapter 13 Plan [Doc. No. 29]. The basis for that Objection is in part: "Debtors are proposing now to cram down their residential real estate which contradicts Section 1322(b)(2)".

U.S. Bank filed a similar Objection to the proposed Amended Plan in Doc. No. 32.

Nationstar's Proof of Claim was filed in Claim No. 2-1. The Debtors entered into a Stipulation with Nationstar in Doc. No. 15 thus that mortgage is not an issue in this matter.

---

[1] U.S. Bank's response is due June 5, 2020 with Debtors' reply due June 12, 2020.

U.S. Bank's Proof of Claim is filed as Claim No. 3-1. U.S. Bank filed an Amended Proof of Claim in Claim No 3-2. Debtors' Objection to that Proof of Claim is Doc. No. 35.

B.   **Factual background**

Debtors acquired title to three lots (Nos. 1, 2 and 3) on Harrison Avenue in Lorain, Ohio in 1998 pursuant to a Quit Claim Deed filed in Doc. No. 567977[2]. Exhibit A. The three lots are known by their tax identifiers as: 03-00-109-112-008 (Lot 1), 03-00-109-112-009 (Lot 2) and 03-00-109-112-0010 (Lot 3). Exhibits B and C.

Lorain County Auditors records show that Lot 3 includes a house. Exhibit B. Auditors records also show that Lot 2 includes a dwelling. Exhibit C. Lot 1 is vacant land [Doc. 1 page 14].

In their Petition, the Debtors show that Lot 2 has an address of 2111 Harrison Avenue [Doc. 1 page 14] and Lot 3 has an address of 2113 Harrison Avenue [Doc. 1 page 15].

The Debtors residence is 2113 Harrison Avenue [Doc. 1 page 2]. The property known as 2111 Harrison Avenue is rented to people named Wilson [Doc. 1 page 41].

The Carmans obtained purchase money on April 28, 1998 to finance the purchase of the three lots (Instr. No. 532493[3]) Exhibit D. In October 1998 the Debtors refinanced Lot 3 (Instr. No. 567978) and Lots 1 and 2 (Instr. No. 567976) separately. Exhibits E and F.

In 1999 the Debtors obtained a relatively small $25,000 loan secured in all three lots (Instr. No. 624413) Exhibit G. In 2002 they refinanced Lots 1 and 2 with Aegis Mortgage

---

[2] The original deed was filed in # 532492 and included Lots 1-8. A corrective deed was filed in # 567977 for Lots 1 to 3 only.
[3] The mortgage incorrectly shows its security as Lots 1-8 when they owned Lots 1-3. The original deed (#532492) also incorrectly included Lots 1-8 but was later refiled to include only Lots 1-3. Exhibit A.

(Instr. No. 840706) <u>Exhibit H</u>. In 2003 they refinanced Lot 3 with Metro Center Mortgage (Instr. No. 940122) <u>Exhibit I</u>.

In 2004 Debtors refinanced the Lot 2 Aegis mortgage with Schmidt Mortgage (Instr. No. 2004-980957). That mortgage is now held by Nationstar and is included in Claim 2-1.

In 2005 Debtors refinanced the Metro Center mortgage with Greenpoint Mortgage Funding now U. S. Bank (Instr. No. 058959) and is part of Claim 3-2. See <u>Exhibit M</u> from the U.S. Bank foreclosure.

At the time of the 2005 refinance, Greenpoint had 2113 Harrison Avenue appraised: [<u>Exhibit J</u>]

```
                                                                  20050629
Borrower         Jeffery Carman
Property Address  2113 Harrison Avenue
City    Lorain                    County   Lorain      State OH   Zip Code  44055
Lender   Mortgage Pointe Lending Company
```

That appraiser further indicated that there were two parcel numbers involved - Lot 1 and Lot 3 although Lot 1 is not included as collateral on the Greenpoint mortgage:

```
Assessor's Parcel No.   0300109112010 & 0300109112008
```

The Debtors Memorandum of Law [Doc. 34] includes: (1) a 2019 Mortgage Location Service ("MLS")[Doc. 34-1]; and (2) a BPO. [Doc. 34-2].

Debtors' MLS purports to show that part of the structures built on Lot 2 encroach onto Lot 3. There is a disclaimer against relying on the MLS to determine boundary lines:

4



I hereby declare that the building(s) situated in the described real estate are located on and within the boundaries of said premises unles shown otherwise. This survey was not performed for the purpose of establishing boundary lines, and should not be used as a boundary or land survey. This Mortgage Location Survey is in Accordance with the Ohio Administative Codes 4733-38 and 4733-37.

During the 2005 refinance, Mr. Carman signed a survey waiver declining to have 2113 Harrison Avenue surveyed. Exhibit K[4].

In that document, Mr. Carman stated:

> 2.) I am, and have been at all times relevant, the fee simple owner of certain realty, located at 2113 HARRISON AVENUE, SHEFFIELD TOWNSHIP, OHIO 44055, and that there have been no NEW IMPROVEMENTS made to this property since the date I established ownership of said premises. Said Premises are more fully described as follows:

Mr. Carman also stated that there were no new improvements on the property:

> 6.) Affiant states further that he has been advised that the Title Insurance Company will require a Certification from Affiant stating that no new improvements have been performed and that Affiant state that:
>
> a). No improvements, such as decks, fences, swimming pools, etc., have been made to the property.
>
> b). No alterations of the boundaries, including fences or dividing lines, have occurred.
>
> c). No other changes to the property have occurred which would be reflected by a current, accurate Survey.

---

[4]
> 4.) Affiant states that he has been advised by the Lender that Affiant have the option to order, or waive, a Survey of the property that will secure the mortgage entered into between Affiant and the Lender.

And that Greenpoint was relying on those representations:

> 7.) Affiant states that he has been advised, and are fully aware, that the Lender, acting in full reliance of these statements, is making advancements, and that said Lender would not advance monies on the indebtedness evidenced by the mortgage without the Affiant statements.

Mr. Carman then indemnified his lender:

> 8.) Affiant states that for valuable consideration, and to induce the Lender to advance this mortgage loan without Affiant having to incur the costs of a Survey, Affiant agree to hold harmless the Lender, and its assigns, from any responsibilty or liablility resulting from the lack of a Survey being obtained.

The 2004 Schmidt mortgage is being foreclosed in Case No. 18 CV 196298 Lorain County Common Pleas Court. [Doc. 1 page 53].

The Greenpoint/U. S. Bank Mortgage is being foreclosed in Case No. 18 CV 196630 of the Lorain County Common Pleas Court. [Doc. 1 page 53].

## II. LEGAL ISSUES

### A. An Adversary Proceeding is required to challenge U.S. Bank's Proof of Claim

11 U.S.C. § 506 (a)(1) and (d) read:

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

. . .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

6

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Debtors claim that U. S. Bank's mortgage is fully secured in their residence and unsecured on that portion of the Lot 2 structure which they believe encroaches onto Lot 3.

11 U.S.C. § 506(d) cannot be used to assert a challenge to a secured creditors claim. *In re Hill,* 304 B.R. 800, 803 (Bankr. S.D. Ohio 2003) citing 11 U.S.C. § 506(a); *See Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

The only means by which this Court can adjudicate the extent, validity and priority of Greenpoint/U.S. Bank's mortgage is through an Adversary Proceeding. Bankr. R. 3012, 7001(2); *In re Stewart,* 408 B.R. 215 (Bankr. N.D. Ind. 2009).

Thus to the extent that Debtors are challenging Greenpoint's Proofs of Claim or challenging to extent of U.S. Bank's lien on Lot 3 they must file an Adversary Proceeding.

### B. Section 1322(b)(2) does not support Debtors' argument that U.S. Bank's mortgage can be crammed down simply because a portion of Lot 2 improvements encroach onto Lot 3.

Debtors' second argument is that they can cram down U.S Bank's mortgage on 2113 Harrison Avenue because part of another non-residential structure encroaches onto that property.

11 U.S.C. § 1322(b)(2) reads:

Subject to subsections (a) and (c) of this section, the plan may--

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Debtors believe that U.S. Bank is not secured "only" in Lot 3 because a portion of the dwelling constructed on Lot 2 encroaches onto Lot 3. However, U.S. Bank's collateral is <u>only</u>

7

Lot 3. There is no evidence to even remotely suggest that Greenpoint required or has a security interest in Lot 2 or any part of the improvements on Lot 2 that straddle the common boundary line.

Moreover, Nationstar's mortgage is secure in the rental property on Lot 2. Thus, the only conclusion to be reached is that U.S. Bank is entitled to the protection of § 1322(b)(2) because it is secured <u>only</u> in Lot 3, Debtors residence at 2113 Harrison Avenue[5].

U.S. Bank's cannot claim the Lot 2 encroaching structure as part of its security to be sold at judicial sale of Lot 3. The structure simply remains as an encroachment. Similarly, Nationstar can foreclose Lot 2 and include the improvements even though some portion of those improvements encroach onto Lot 3.

In *In re Johnson,* No. 1;14-bk-14558-SDR, 2015 WL 4053584 (Bankr. E.D. Tenn. 2015) the court dealt with a mobile home that straddled the boundary line between land owned by the debtor and an adjoining lot not owned by the debtor. Approximately two-thirds of the mobile home was on the debtors land.

Citing *Reinhardt v. Vanderbilt Mortgage and Finance, Inc. (In re Reinhardt),* 563 F. 3d 558, 562 (6th Cir. 2009), the court held that there are two prerequisites when applying § 1322(b) to a set of facts: (1) the lenders collateral must be the debtors principal residence; and (2) the collateral must be real property. *Id.*

The Court then followed *Reinhardt* noting "a security interest in the land beneath the manufactured home is not determinative of whether the anti-modification provides applies." *id.* Accordingly, the court held that "because a significant portion of the

---

[5] If the Debtors did not own Lot 2, the existence of the encroachment would constitute a continuing trespass. *See Nieman v. NLO, Inc.,* 108 F. 3d 1546 (6th Cir. 1997). Thus rather than hold a security interest in the encroaching structure, U.S. Bank or whomever succeeds the debtors in possession of that Lot could remove the offending improvement or claim damages for a continuing trespass.

manufactured home is located on real property owned by the debtor", the lender was entitled to the protections afforded under § 1322(b)(2). Similarly, a significant part of the Debtors' encroaching dwelling is on Lot 2. Thus Nationstar is entitled to claim the entire structure as its security despite part of the dwelling being on Lot 3.

There are four requirements to § 1322(b)(2):

"The claim must be secured: (1) by a security interest (2) in real property that is (3) the debtor's principal residence and (4) not by anything else. If any one of the requirements is not met, the claim is not entitled to protection from modification."

W.H. Drake, Jr. & J. Morris, Chapter 13 Practice and Procedure § 5:42 (2019).

The Bankruptcy Code defines "debtor's principal residence", in relevant part as:

(A) "[ ] a residential structure if used as the principal residence by the debtor, including incidental property, without regard to whether that structure is attached to the real property"

11 U.S.C. § 101(13A).

"Incidental property" means:

"(A)  property commonly conveyed with a principal residence in the area where the real property is located;

(B)  all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and

(C)  all replacements and additions."

11 U.S.C. § 101(27B).

An "appurtenance of" or "incident to" realty is something that is "essential to its use" such as a fixture - something that is intended to be a permanent part of the realty. *Szilagy v. Taylor,* 63 Ohio App. 105, 107, 25 N.E. 2d 360 (9th Dist. 1939).

2113 Harrison Avenue, is the debtors' principal residence. U.S. Bank's collateral is real property consisting of Lot 3. U.S. Bank has no security interest in Lot 2 or the improvements on Lot 2 which are mortgaged to Nationstar. U.S. Bank also has no security interest in whatever portion of the neighboring structures primarily constructed on Lot 2 encroach onto Lot 3. Those improvements are secured to Nationstar. The structures from Lot 2 which encroach onto Lot 3 are not "incidental property". Accordingly, U.S. Bank is entitled to the anti-modification protection of § 1322(b)(2).

### C. The point at which U.S. Banks' security is determined is when the loan was originated

Whether or not a mortgage is secured in property of the borrower is determined at the point of origination and based upon the intentions of the parties. *In re Brunson,* 201 B.R. 352, 354 (Bankr. W.D.N.Y. 1996) ["If the transaction was predominantly viewed by the parties as a loan transaction to provide the borrower with a residence, then the anti-modification provision will apply."].

When the Debtors refinanced in 2005, they already had a mortgage on Lot 2 with Nationstar. It is illogical, therefore, to conclude that the Debtors intended in 2005 to mortgage 2113 Harrison and 2111 Harrison with Greenpoint.

Mr. Carman also waived the right to have a survey done at the time and specifically agreed that Green point could rely on that waiver in granting him a mortgage. Mr. Carman further agreed to indemnify Greenpoint from the consequences of not having a survey done.

These actions demonstrate that Debtors have relinquished the right to cram down U.S. Bank's mortgage with the spurious argument that improvements in which U.S. Bank does not claim a security interest violate the anti-modification provision of § 1322(b)(2).

### D. The burden of proof is by a preponderance of the evidence

11 U.S.C. § 1322(b)(2) is a burden shifting provision in which a challenged creditor bears the burden of proof to show by a preponderance of the evidence that it is entitled to the protections afforded by 11 U.S.C. § 1322(b)(2). *In re Lister,* 593 B.R. 587, 597 (Bankr. S.D. Ohio 2018); *In re Petrella,* 230 B.R. 829 (Bankr. N.D. Ohio 1999).

### E. The BPO is evidence of nothing

Debtors attached a BPO dated June 26, 2019 as evidence in support of the Motion. That BPO is not evidence of U.S. Bank's security interest in Lot 3. It is an informal appraisal conducted fourteen years after the Greentree mortgage was originated.

The controlling document in this matter is the 2005 Mortgage. There is no ambiguity in that instrument. The evidence firmly establishes that the only security for U.S. Bank's mortgage is Lot 3 and the house on that lot. A 2019 BPO does not alter that fact.

### F. Debtors are estopped from seeking to cramdown U.S. Bank's mortgage

The Debtors participated in a loan modification program ("HAMP") regarding their mortgage on Lot 3. Exhibit L. Having done so, they are estopped from attempting to cram down U.S. Bank's mortgage. *In re Laycock,* 497 B.R. 396 (Bankr. S.D. N.Y. 2013) [debtor who participated in loan modification was barred from claiming the property was not his residence].

## III. CONCLUSION

Debtors' Motion to Modify Chapter 13 Plan [Doc. 22] and Confirmation of that Amended Plan must be denied. U.S. Bank's mortgage covers Lot 3. There is no evidence that U.S. Bank's mortgage was intended to include Lot 2. The fact that some portion of the

structure on Lot 2 encroaches onto Lot 3 does not suddenly create additional security Greenpoint/U.S. Bank's mortgage.

Respectfully, therefore, U.S. Bank as Trustee for Adjustable Rate Mortgage Trust 2005-5 Mortgage Backed Pass-Through Certificates Series 2005-5, requests that Debtors Motion to Modify Chapter 13 Plan and Confirmation of that Amended Plan be denied and, further, that any challenge to U.S. Bank's Proof of Claim be determined in an Adversary Proceeding.

Respectfully Submitted,

**/s/ Amelia A. Bower**
Amelia A. Bower (No. 0013474)
Plunkett Cooney
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Direct: 614/629-3004
Fax:    614/629-3019
abower@plunkettcooney.com

*Counsel for U. S. Bank as Trustee*

CERTIFICATE OF SERVICE

       I hereby certify that on May 20, 2020 a copy of the foregoing Response to Debtors' Memorandum of Law in Support of Debtors' Motion to Modify Chapter 13 Plan Pre-Confirmation and Amended Chapter 13 Plan was served on the following registered ECF participants, electronically through the court's ECF system at the e-mail address registered with the court:

Office of the United States Trustee
Trustee@usdoj.gov

Lauren A. Helbling
Chapter 13 Trustee
lauren@halblinglpa.com

Christopher E. Manolis
cmanolis@logs.com

Matthew Murtland
mmurtland@logs.com

Phillip Barragate
pbarragate@logs.com

William C. Behrens
Marc E. Dann
Brian D. Flick
Whitney Kaster
notices@dannlaw.com

And by regular US Mail as follows:

Jeffrey Carman
Glenda Carman
2113 Harrison Avenue
Lorain, Ohio 44055

                                                   **/s/ Amelia A. Bower**
                                                   Amelia A. Bower

Open.10100.02044.24014674-2

13

19-14906-jps    Doc 44    FILED 05/20/20    ENTERED 05/20/20 10:56:18    Page 13 of 13