QUIT-CLAIM DEED—with Dower Clause—No. 89-B

567977 FILM NO 1386
The Ohio Legal Blank Co. Cleveland
Publishers and Dealers Since 1883

Box Shelf # 22995



# Know all Men by these Presents

**That**, WALKER SEBASTIAN AND CHRISTINE SEBASTIAN
(HUSBAND AND WIFE)

, the Grantor**S** ,

*who claim    title by or through instrument   , recorded in Volume* 1094 *, Page* 240,
LORAIN
*County Recorder's Office, for the consideration of*
TEN DOLLARS AND 00/100------------------------- *Dollars ($*  10.00  *)*

*received to* THEIR    *full satisfaction of*

JEFFREY S. CARMAN AND GLENDA CARMAN
(HUSBAND AND WIFE)                          *the Grantee* ,
                              2111 HARRISON AVENUE AND
*whose TAX MAILING ADDRESS will be* 2113 HARRISON AVENUE
                              LORAIN OH 44055

*have* **Given, Granted, Remised, Released and Forever Quit-Claimed***, and do by these
presents absolutely give, grant, remise, release and forever quit-claim unto the said
grantee*S *,* THEIR *heirs and assigns forever, all such right and
title as* WE *, the said grantor* S *, have or ought to have in and to the
following described piece   or parcel   of land, situated in the* TOWNSHIP *of*
SHEFFIELD *County of* LORAIN *and State of Ohio:*

AND KNOWN AS BEING SUBLOT NOS. 1, ~~XXXX~~ INCLUSIVE, BLOCK K, IN THE
LORAIN HEIGHTS ALLOTMENT, OF PART OF ORIGINAL SHEFFIELD TOWNSHIP
LOT NO. 109, AS SHOWN BY THE RECORDED PLAT IN VOLUME 6, PAGE 21
OF LORAIN COUNTY MAP RECORDS. SAID SUBLOT NOS. 1 ~~XXXXX  XXXXXXXXX~~*2 AND 3
BLOCK K, TOGETHER FORM A PARCEL OF LAND HAVING A FRONTAGE OF ~~XXXXXX~~120.00
FEET ON THE NORTHERLY SIDE OF THIRTY-SECOND AVENUE, NOW KNOWN AS
HARRISON STREET, AND EXTENDING BACK BETWEEN PARALLEL LINES 110
FEET ON THE WESTERLY LINE, 110 FEET ON THE EASTERLY LINE AND
HAVING A REAR LINE OF ~~XXXXXX~~ FEET, AS APPEARS BY SAID PLAT, BE THE**120.00
SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

TAX PARCEL NOS. 03-00-109-112-008, 03-00-109-112-009 &
03-00-109-112-010

***~~DEED~~ TO CORRECT DEED FILED APRIL 28, 1998 INSTRUMENT NO.
980532492 TO CORRECT THE LEGAL DESCRIPTION.**************



NO TRANSFER NECESSARY

MARK R. STEWART
LORAIN COUNTY AUDITOR
JP  10/6/98
DEPUTY



EXHIBIT
A

TOWER CITY TITLE AGENCY
6151 Wilson Mills Rd.
HIGHLAND HTS., OHIO 44143

98-12701

**To Have and to Hold** *the premises aforesaid, with the appurtenances there-unto belonging to the said grantee* S , THEIR *heirs and assigns, so that neither the said grantor* S , *nor* THEIR *heirs, nor any other persons claiming title through or under* THEM , *shall or will hereafter claim or demand any right or title to the premises, or any part thereof; but they and every one of them shall by these presents be excluded and forever barred.*

    *And for valuable consideration*

WALKER SEBASTIAN AND CHRISTINE SEBASTIAN
(HUSBAND AND WIFE)

                                       *do*    *hereby remise,*
*release and forever quit-claim unto the said grantee* S , THEIR *heirs and assigns,*
*all* OUR      *right and expectancy of Dower in the above described premises.*

    **In Witness Whereof,** WE *have hereunto set* OUR *hand* S *, the*
       *day of*             *, in the year of our Lord one thousand*
*nine hundred and* 98
*Signed and acknowledged in presence of*

RONALD TUCKERMAN                      *Walker Sebastian*
                                  WALKER SEBASTIAN
ROBERT A. VOSS                        *Christine Sebastian*
                                    CHRISTINE SEBASTIAN

**State of Ohio,** } ss.     *Before me, a* NOTARY PUBLIC
LORAIN  *County,*     *in and for said County and State, personally appeared*
*the above named*  WALKER SEBASTIAN AND CHRISTINE SEBASTIAN, HUSBAND AND
WIFE

*who acknowledged that* THEY *did sign the foregoing instrument and that the same is* THEIR *free act and deed.*

        **In Testimony Whereof,** *I have hereunto set my hand and*
*official seal, at* LORAIN
*this* 1ST  *day of* OCTOBER       *A.D. 19* 98

                     RONALD TUCKERMAN
                     MY COMMISSION EXPIRES: 11-16-2002

PREPARED BY:         MARY ANN JAMISON
LEONARD R. STEIN-SAPIR LORAIN COUNTY RECORDER
ATTORNEY AT LAW
1111 CHESTER AVE. #410
CLEVELAND OH 44114  Oct 6  3 07 PM '98
216 861 2773

RECEIVED FOR RECORD

*Quit Claim Deed*

TO

Transferred     19

COUNTY AUDITOR

**State of Ohio**

County of

Received for Record on the

day of     19

at   o'clock   M.

and Recorded   19  in.

Deed Book     Page

Recorders Fee $

COUNTY RECORDER

*This instrument prepared by:*



# Lorain County Auditor
## Craig Snodgrass, CPA, CGFM

Report generated: Fri Apr 24 2020

**Parcel Number: 0300109112010**





0300109112010

## Parcels

| | | | |
|---|---|---|---|
| **Parcel Number** | 0300109112010 | **Land Use** | 510 |
| **Owner** | CARMAN JEFFREY S & GLENDA | **Neighborhood** | 31103 - RIDGE VUE HTS/LORAIN HTS ALLOTMENT |
| **Location Address** | 2113 HARRISON AVE LORAIN, OH 44055 | **Acres** | 0 |
| **Tax Bill Mailed To** | 2113 HARRISON AV LORAIN, OH 44055 | **School District** | CLEARVIEW LSD |
| **Property Description** | LORAIN HTS FRNT 0040.00 DPTH 0110.00 | **Instrument Number** | 980567977 |
| **Tax District** | 61 - SHEFFIELD TWP/CLEARVIEW LSD | **Delinquent Real Estate** | No |

## Values

| | |
|---|---|
| **Market Land Value** | $7,680.00 |
| **Market Building Value** | $53,560.00 |
| **Market Total Value** | $61,240.00 |
| **Market CAUV** | $0.00 |
| **Market Abatement** | $0.00 |
| **Assessed Land Value** | $2,690.00 |
| **Assessed Building Value** | $18,750.00 |
| **Assessed Total Value** | $21,440.00 |
| **Assessed CAUV** | $0.00 |
| **Assessed Abatement** | $0.00 |

The 2019 values have been certified by the State of Ohio.

**EXHIBIT**

B



# Lorain County Auditor
## Craig Snodgrass, CPA, CGFM

Report generated: Fri Apr 24 2020

**Parcel Number: 0300109112009**





## Parcels

| | | | |
|---|---|---|---|
| **Parcel Number** | 0300109112009 | **Land Use** | 520 |
| **Owner** | CARMAN JEFFREY S & GLENDA | **Neighborhood** | 31103 - SHEFFIELD TWP - LORAIN & RIDGE VUE ALLOT |
| **Location Address** | HARRISON AVE LORAIN, OH 44055 | **Acres** | 0 |
| **Tax Bill Mailed To** | 2113 HARRISON AV LORAIN, OH 44055 | **School District** | CLEARVIEW LSD |
| **Property Description** | LORAIN HTS FRNT 0040.00 DPTH 0110.00 | **Instrument Number** | 980567977 |
| **Tax District** | 61 - SHEFFIELD TWP/CLEARVIEW LSD | **Delinquent Real Estate** | No |

## Values

| | |
|---|---|
| **Market Land Value** | $7,680.00 |
| **Market Building Value** | $33,070.00 |
| **Market Total Value** | $40,750.00 |
| **Market CAUV** | $0.00 |
| **Market Abatement** | $0.00 |
| **Assessed Land Value** | $2,690.00 |
| **Assessed Building Value** | $11,570.00 |
| **Assessed Total Value** | $14,260.00 |
| **Assessed CAUV** | $0.00 |
| **Assessed Abatement** | $0.00 |

The 2019 values have been certified by the State of Ohio.



EXHIBIT

C

194⟩220

532493 FILM NO 1330

1/1

WHEN RECORDED MAIL TO:
BOFS Central Servicing Dept. E
8604 Allisonville Road
Indianapolis, IN 46250·

# OPEN-END MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on ___04/24/1998___ . The mortgagor is
___JEFFREY S CARMAN AND GLENDA CARMAN___
___HUSBAND AND WIFE___ ("Borrower") whose
address is ___2113 HARRISON AVENUE LORAIN OH 44055___ . This Security Instrument
is given to ___Banc One Financial Services, Inc.___ , ("Lender") which is organized and existing under the
laws of the State of ___INDIANA___ and whose address is
___8604 Allisonville Rd.___ ___Indianapolis IN 46250___ Borrower owes Lender the
principal sum of One Hundred Eight Thousand Seven Hundred Thirty-Seven Dollars And 87 Cents
(U.S. $ ___108,737.87___ ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
___05/01/2018___ . This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all
other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the
performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose,
Borrower does hereby mortgage, grant and convey to Lender the following described property located in
___LORAIN___ County, Ohio.

See attached for legal description

which has the address of ___2113 HARRISON AVENUE     LORAIN, OH 44055___
("Property Address"); & ___2111 HARRISON AVENUE     LORAIN  OH 44055___

OHIO - FIRST MORTGAGE - FNMA/FHLM MODIFIED FORM 3036, 9/90
BOFS # OH3036 - 10/97 SIS Rev. 2/98

Page 1 of 6

BOK.Suit 22975

EXHIBIT

D

APr-22-98 01:23P                                               P.05

EXHIBIT "A"

SITUATED IN THE TOWNSHIP OF SHEFFIELD, COUNTY OF LORAIN AND STATE OF OHIO:

AND KNOWN AS BEING SUBLOT NOS. 1 TO 8 INCLUSIVE, BLOCK K, IN THE LORAIN HEIGHTS ALLOTMENT, OF PART OF ORIGINAL SHEFFIELD TOWNSHIP LOT NO. 109, AS SHOWN BY THE RECORDED PLAT IN VOLUME 6, PAGE 21 OF LORAIN COUNTY MAP RECORDS. SAID SUBLOT NOS. 1 TO 8, INCLUSIVE BLOCK K, TOGETHER FORM A PARCEL OF LAND HAVING A FRONTAGE OF 305.87 FEET ON THE NORTHERLY SIDE OF THIRTY-SECOND AVENUE, NOW KNOWN AS HARRISON STREET, AND EXTENDING BACK BETWEEN PARALLEL LINES 110 FEET ON THE WESTERLY LINE, 110 FEET ON THE EASTERLY LINE AND HAVING A REAR LINE OF 309.01 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

TAX PARCEL NOS. 03-00-109-112-008, 03-00-109-112-009 & 03-00-109-112-010

PROPERTY ADDRESS: 2113 HARRISON AVE.
                      LORAIN, OH  44055

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ 1-4 Family Rider
☐ Graduated Payment Rider    ☐ Planned Unit Development Rider    ☐ Biweekly Payment Rider
☐ Balloon Rider    ☐ Rate Improvement Rider    ☐ Second Home Rider
☐ V.A. Rider    ☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

Borrowers: _Jeffrey S. Carman_
Printed Name: JEFFREY S. CARMAN
Address: 2113 HARRISON AVENUE LORAIN, OH 44055

Printed Name: _Christ~ P. W. Meck_
Address: _1111 Chester Ave Cleveland, OH_

_Glenda Carman_
Printed Name: GLENDA CARMAN
Address:

Printed Name: _Minnie Samples_
Address: _1111 Chester Ave Cleveland, Ohio_

Printed Name:
Address:

Printed Name:
Address:

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF OHIO }
}SS
COUNTY OF _Lorain_ }

On this day before me, the undersigned Notary Public, personally appeared JEFFREY S CARMAN AND GLENDA CARMAN to me known to be the individual(s) described in and who executed the Mortgage, and acknowledged before me that he/she/they signed the Mortgage as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this _24_ day of _April_, _1998_.

By _Christopher P. W. Meek_    Residing at _1111 Chester Ave, Cleveland_

Notary Public in and for the State of _OHIO_    My commission expires _10-29-01_

CHRISTOPHER P. DiMEOLO
Notary Public, State of Ohio, Cuy. Cty.
My Commission Expires Oct. 29, 2001

This instrument was prepared by:
BETH WALKER
BANC ONE FINANCIAL SERVICES, INDIANAPOLIS INDIANA 46250

19-14906-jps    Doc 44-1    FILED 05/20/20    ENTERED 05/20/20 10:56:18    Page 7 of 41

532493 FILM NO 1330

MARY ANN JOHNSON
LORAIN COUNTY RECORDER

APR 28  I 11 PM '98

RECEIVED FOR RECORD

*BoxiSue #22995*

Account No. __161 1611004641__

*1/6*

567978 FILM NO 1386

# MORTGAGE

THIS MORTGAGE is made this __1st__ day of __October__ __1998__ , between the Mortgagor, __JEFFREY S. CARMAN and GLENDA CARMAN , HUSBAND AND WIFE__ (herein "Borrower") and the Mortgagee, __FIRST UNION HOME EQUITY BANK, N. A.__ a national banking association organized and existing under the laws of the United States of America, whose address is __CONS-14 0361 CHARLOTTE, NC 28288__ (herein "Lender").

Whereas, Borrower is indebted to Lender in the principal sum of U.S. $ __93,500.00__ , which indebtedness is evidenced by Borrower's note dated __October__ __1__ __1998__ and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on __October__ __10__ __2013__ ;

TO SECURE to Lender the repayment of the indebtedness, evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of __LORAIN__ , State of Ohio:

SEE ATTACHED EXHIBIT "A"

EXHIBIT
E

which has the address of __2113 HARRISON AVENUE__ __LORAIN__ __OH__ __44055__
(Street) (City) (State) (Zip Code)

(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower's address: __2113 HARRISON AVENUE__ __LORAIN, OH 44055__

☐     If checked, this is an Adjustable Rate Loan and the Adjustable Rate Rider ("Rider") attached hereto and executed of even date herein is incorporated herein and the covenants and agreements of the Rider shall amend and supplement the covenants and agreements of this Mortgage, as if the Rider were a part hereof.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note. This Mortgage secures payment of said Note according to its terms, which are incorporated herein by reference.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraph 1 hereof shall be applied by Lender first to interest payable on the Note, then to the principal of the Note.

TOWER CITY TITLE AGENCY
6151 Wilson Mills Rd.
HIGHLAND HTS., OHIO 44143

98-12701

230522 (Rev 08)            Page 1 of 5          (04/98) OH FR/ARM Mtg
                                                   1611004641    CARMAN

*G.C. J.S.C*

IN WITNESS WHEREOF, the undersigned Borrower and _____ the spouse of the Borrower, who hereby releases such spouse's right of dower in the Premises, have executed this Mortgage.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

WITNESSES:

RONALD TUCKERMAN

_____ (SEAL)
JEFFREY S. CARMAN
                    Mortgagor

_____
ROBERT A. VOSS

_____ (SEAL)
GLENDA CARMAN
                    Mortgagor

STATE OF OHIO, _____LORAIN_____ County ss:

On this 1ST day of ____OCTOBER____ 1998 _____, before me, a Notary Public in and for said County and State, personally appeared ____JEFFREY S. CARMAN AND GLENDA CARMAN, HUSBAND AND WIFE____ the individual(s) who executed the foregoing instrument and acknowledges that __The Y__ did examine and read the same and did sign the foregoing instrument, and the same is ____THEIR____ free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

(SEAL)

My Commission Expires:

RONALD TUCKERMAN
Notary Public, State of Ohio
My Commission Expires Nov. 16, 2002

_____
Notary Public

This Instrument Prepared By:

FIRST UNION HOME EQUITY, BANK
4700 ROCKSIDE RD., 525
INDEPENDENCE, OHIO  44131

230522 (Rev 08)                    Page 5 of 5                    (04/98) OH FR/ARM Mtg
                                                                  1611004641    CARMAN

EXHIBIT "A"

567978 FILM NO 1386

Situated in the Village of Sheffield, County of Lorain and State of Ohio; and known as being Sublot No. 3, Block K, in Lorain Heights allotment, of part of Original Sheffield Township Lot No. 109, as shown by the recorded Plat in Volume 6, Page 21 of Lorain County Map Records forming a parcel of land having a frontage of 40.00 feet on the Northerly side of Harrison Street, and extending back between parallel lines 110 feet, and having a rear line of 40.00 feet, as appears by said plat, be the same more or less but subject to all legal highways.

KNOWN AS: 2113 HARRISON AVENUE, LORAIN, OHIO 44055

PARCEL NO: 03-00-109-112-010

MARY ANN JAMISON
LORAIN COUNTY RECORDER

Oct 6 3 07 PM '98

RECEIVED FOR RECORD

30.00

BOX Sue # 22995

Account No. ___161 0005186024___

567976 FILM NO 1306

# MORTGAGE

THIS MORTGAGE is made this __1st__ day of __October__ __1998__, between the Mortgagor, __JEFFREY S. CARMAN and GLENDA CARMAN , HUSBAND AND WIFE__ (herein "Borrower") and the Mortgagee, __FIRST UNION HOME EQUITY BANK, N. A.__ a national banking association organized and existing under the laws of the United States of America, whose address is __CONS-14 8301 CHARLOTTE, NC 28266__ (herein "Lender").

Whereas, Borrower is indebted to Lender in the principal sum of U.S. $ __37,000.00__, which indebtedness is evidenced by Borrower's note dated __October__ __1__ __1998__ and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on __October__ __6__ __2013__ ;

TO SECURE to Lender the repayment of the indebtedness, evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of __LORAIN__, State of Ohio:

SEE ATTACHED EXHIBIT "A"

which has the address of __2111 HARRISON AVENUE__ __LORAIN__ __OH__ __44056__
                          (Street)                (City)      (State)  (Zip Code)

(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower's address:   __2113 HARRISON AVENUE__   __LORAIN, OH  44056__

☐   If checked, this is an Adjustable Rate Loan and the Adjustable Rate Rider ("Rider") attached hereto and executed of even date herein is incorporated herein and the covenants and agreements of the Rider shall amend and supplement the covenants and agreements of this Mortgage, as if the Rider were a part hereof.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note. This Mortgage secures payment of said Note according to its terms, which are incorporated herein by reference.

2. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraph 1 hereof shall be applied by Lender first to interest payable on the Note, then to the principal of the Note.

TOWER CITY TITLE AGENCY
6151 Wilson Mills Rd.
HIGHLAND HTS., OHIO 44143

Q8-12702

230522 (Rev 6/8)                              Page 1 of 5                    0005186024   CARMAN

J.C    J.S.C.

EXHIBIT
F

IN WITNESS WHEREOF, the undersigned Borrower and _____ the spouse of the Borrower, who hereby releases such spouse's right of dower in the Premises, have executed this Mortgage.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

WITNESSES:

_____       _____ (SEAL)
RONALD TUCKERMAN                  JEFFREY S. CARMAN   Mortgagor

_____       _____ (SEAL)
ROBERT A. VOSS                  GLENDA CARMAN   Mortgagor

STATE OF OHIO, _____LORAIN_____ County ss:

On this 1ST day of ___OCTOBER___ 1998 , before me, a Notary Public in and for said County and State, personally appeared JEFFREY S. CARMAN AND GLENDA CARMAN, HUSBAND AND WIFE _____ the individual(s) who executed the foregoing instrument and acknowledges that T he Y did examine and read the same and did sign the foregoing instrument, and the same is _____THEIR_____ free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

(SEAL)

My Commission Expires:

RONALD TUCKERMAN
Notary Public, State of Ohio
My Commission Expires Nov. 14, 2002

_____
Notary Public

This Instrument Prepared By:

FIRST UNION HOME EQUITY BANK
4700 ROCKSIDE RD, 525
INDEPENDENCE, OHIO 44131

Page 5 of 5            2606120004   CARMAN

EXHIBIT "A"

567976 FILM NO 1306

Situated in the Village of Sheffield, County of Lorain and State of Ohio; and known as being Sublots Nos. 1 and 2 Block K, in Lorain Heights Allotment, of part of Original Sheffield Township Lot No. 109, as shown by the recorded Plat in Volume 6, Page 21 of Lorain County Map Records forming a parcel of land having a frontage of 80.00 feet on the Northerly side of Harrison Street, and extending back between parallel lines 110 feet, and having a rear line of 80.00 feet, as appears by said plat, be the same more or less but subject to all legal highways.

KNOWN AS: 2111 HARRISON AVENUE, LORAIN, OHIO 44055

PARCEL NO: 03-00-109-112-008
          03-00-109-112-009

MARY ANN JAMISON
LORAIN COUNTY RECORDER

OCT 6  3 07 PM '98

RECEIVED FOR RECORD

30.00
5a

624413 FILM NO 1474

CUSTOM TITLE SERVICES, INC.
4500 ROCKSIDE RD., SUITE 130
INDEPENDENCE, OH 44131

Order No. _____  Escrow No. 100945

1/9

Sur# 22995
Accom

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

After recording mail to:

**Providian National Bank**
c/o Mortgage Processing
P.O. Box 9120
Pleasanton, CA 94566
Ref. No. 9913701149

## OPEN-END MORTGAGE

THIS MORTGAGE ("Mortgage") is made on June 16, 1999 by JEFFREY S. CARMAN AND GLENDA CARMAN, HUSBAND AND WIFE ("Borrower") whose address is 2113 Harrison Avenue, Lorain, OH 44055-3419 and Providian National Bank, which is organized and existing under the laws of the United States of America, and whose address is 295 Main Street, Tilton, NH 03276 ("Lender"). Borrower owes Lender the principal sum of Twenty Five Thousand Nine Hundred and 00/100 Dollars (U.S. $25,900.00) (the "Credit Limit") as evidenced by Borrower's Providian National Bank Account Agreement dated even date herewith ("Agreement"). This Mortgage secures to Lender: (a) the repayment of the debt evidenced by the Agreement, with interest thereon, and all renewals, future advances, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest thereon, advanced to protect the security of this Mortgage; and (c) the performance of Borrower's covenants and agreements under this Mortgage and the Agreement. For this purpose, Borrower irrevocably does hereby mortgage, warrant, grant and convey to Lender, the following described property located in LORAIN County, State of Ohio which has the address of 2111 Harrison Avenue, Lorain, Ohio 44055 ("Property Address") and which is more particularly described in Exhibit "A" attached hereto and made a part hereof;

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Mortgage. All of the foregoing are hereinafter referred to as the "Property."

Borrower and Lender covenant and agree as follows:

1. **TITLE.** Borrower warrants and covenants that Borrower has good and marketable title to the Property and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower will defend title to the Property against all claims and demands, subject to any encumbrances of record.

2. **ADJUSTABLE MORTGAGE LOAN PROVISIONS.** The Agreement contains provisions which permit (a) increases and decreases to the rate of interest provided in the Agreement on a monthly basis prior to the Conversion Date (as defined herein) and thereafter; (b) increases and decreases to the rate of interest and payments of principal and interest on a semi-annual basis; and (c) a limitation on increases and

A0564
OHIO MORTGAGE
July 27, 1998

Page 1

EXHIBIT
G

**BY SIGNING BELOW**, Borrower accepts and agrees to the terms and covenants contained in this Mortgage and in any rider(s) executed by Borrower and recorded with it and acknowledges receipt of a copy of this Mortgage and any rider.

Witnesses:

Borrower(s):

_____
Jeffrey S. Carman

_____
Glenda Carman

Print Name: CLARK R BROWN

Print Name: Janet Lee Catheryn

STATE OF OHIO _____Cuyahoga_____ County ss:

On this ____16th____ day of ____June____ 99

before me, a Notary Public in and for said County and State, personally appeared

Jeffrey S. Carman, Glenda Carman

____ the individual(s) who executed the foregoing instrument and acknowledged that ____

____ did examine and read the same and did sign the foregoing instrument, and that the same is

____ free act and deed.

**IN WITNESS WHEREOF**, I have hereunto set my hand and official seal.

My Commission expires:

_____
Notary Public

CLARK R. BROWN, Notary Public
State of Ohio, Summit County
My Commission Expires Nov. 23, 2002

This instrument was prepared by:

Gerlinde Kersenbrock (Document Specialist)
c/o Providian - Mortgage Processing
P.O. Box 9120
Pleasanton, CA 94566
Ref. No. 9913701149

————————[Space Below This Line Reserved For Lender and Recorder]————————

A79554
OHIO MORTGAGE
July 27, 1998

Page 3

624413 FILM NO 1474

# EXHIBIT A
## LEGAL DESCRIPTION

Reference: 504725

Situated in the Township of Sheffield, County of Lorain and State of Ohio: And known as being Sublot Nos. 1, 2 and 3 inclusive, Block K, in the Lorain Heights Allotment, of part of Original Sheffield Township Lot No. 109, as shown by the recorded plat in Volume 6, page 21 of Lorain County Map Records. Said Sublot Nos. 1, 2 and 3, Block K, together form a parcel of land having a frontage of 120.00 feet on the northerly side of Thirty-Second Avenue, now known as Harrison Street, and extending back between parallel lines 110 feet on the Westerly line, 110 feet on the Easterly line and having a rear line of 120.00 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Property Address:
2111 Harrison Ave. and 2113 Harrison Ave.
Lorain, Ohio 44055

X *A.S.C.*

X *B.C.*

THE STATE OF OHIO LORAIN COUNTY
AFD JUL 24 P 2: 19
RECORDED FOR THE RECORD

840706#1853

$\frac{1}{20}$

**MAIL**
**E.O.F.**
Counselors Title Co, LLC
4243 Hunt Rd., Ste 215
Cincinnati, Ohio 45242

Loan No: 048300105686                                    Data ID: 537
Borrower:  JEFFREY S. CARMAN

Return to: AEGIS MORTGAGE CORPORATION
           ATTENTION:  WHOLESALE CLOSING
           P.O. BOX 84308
           BATON ROUGE, LA  70884

———————————————— [Space Above This Line For Recording Data] ————————————————

# MORTGAGE

MIN: 100014704831056865

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated May 24, 2002, together with all Riders to this document.

(B) **"Borrower"** is JEFFREY S. CARMAN AND  GLENDA CARMAN        . Borrower is the mortgagor under this Security Instrument.  HUSBAND & WIFE

(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) **"Lender"** is AEGIS MORTGAGE CORPORATION.  Lender is A CORPORATION organized and existing under the laws of the State of OKLAHOMA.  Lender's address is 11111 WILCREST GREEN, SUITE 250, HOUSTON TX  77042.

(E) **"Note"** means the promissory note signed by Borrower and dated May 24, 2002.  The Note states that Borrower owes Lender SEVENTY-THREE THOUSAND NINE HUNDRED and NO/100-----Dollars (U.S. $ 73,900.00) plus interest.  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **June 1, 2032.**

(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider      ☐ Condominium Rider                ☐ Second Home Rider
☐ Balloon Rider              ☐ Planned Unit Development Rider
☒ 1–4 Family Rider           ☐ Biweekly Payment Rider
☐ Other(s) [specify]

> **EXHIBIT**
> 1-1

**OHIO** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna          Form 3036    1/01          *(Page 1 of 13 Pages)*



0483001056860130

J.S.C.
G.C.

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the County of LORAIN:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which currently has the address of 2111 HARRISON AVE,
[Street]

LORAIN, OHIO                                    44055              ("Property Address"):
[City]                                          [Zip Code]

**OHIO** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna                Form 3036    1/01    *(Page 2 of 13 Pages)*

**Judgment.** The award rendered by the arbitrator shall be final, non-appealable and judgment may be entered upon it in accordance with Applicable Law in any court having jurisdiction thereof.

**Confidentiality.** Borrower and Lender agree that the mediation and arbitration proceedings are confidential. The information disclosed in such proceedings cannot be used for any purpose in any other proceeding.

**Claims Excluded from Mediation and Arbitration.** Notwithstanding the foregoing, neither Borrower nor Lender can require the other to mediate or arbitrate: (a) foreclosure proceedings, whether pursuant to judicial action, power of sale, assent to a decree or otherwise, proceedings pursuant to which Lender seeks a deficiency judgment, or any comparable procedures allowed under Applicable Law pursuant to which a lien holder may acquire title to or possession of any property which is security for this Transaction and any related personal property (including an assignment of rents or appointment of a receiver), upon default by the Borrower on the Transaction; (b) an application by or on behalf of the Borrower for relief under the federal bankruptcy laws or any other similar laws of general application for the relief of debtors, through the institution of appropriate proceedings; (c) any Claim where Lender seeks damages or other relief because of Borrower's default under the terms of a Transaction; or (d) any Claim on which relief could be granted by the small claims court in Borrower's jurisdiction. Enforcement of this section will not waive the right to arbitrate any other Claim, including a Claim asserted as a counterclaim in a lawsuit brought under this section.

**Effect of Rescission.** If Borrower has the right to rescind this Transaction, rescinding it will not rescind this Agreement.

**No Other Arbitration Agreements.** This Agreement is the only agreement between Lender and Borrower regarding alternative dispute resolution, and supersedes any prior agreements to mediate or arbitrate Claims. This Agreement may only be modified by a written agreement between Lender and Borrower.

**BORROWER AND LENDER AGREE TO WAIVE ANY RIGHTS TO TRIAL BY JURY OF ANY AND ALL CLAIMS.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____(Seal)  
GLENDA CARMAN —Borrower

_____(Seal)  
JEFFREY S. CARMAN —Borrower

**OHIO** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  
Modified by Middleberg, Riddle & Gianna        Form 3036   1/01   *(Page 12 of 13 Pages)*

Loan No: 048300105686                                   Data ID: 537

—————————————— [Space Below This Line For Acknowledgment] ——————————————

State of OHIO                              §
County of _Lorain_                         §

The foregoing instrument was acknowledged before me this

_____May 24th_____, 20_07_, by

JEFFREY S. CARMAN AND GLENDA CARMAN

JEFF YATES
Notary Public, State of Ohio
My Commission Expires Sept 13, 2008

My commission expires: _____

JEFF YATES (Printed Name)
Notary Public, State of Ohio
My Commission Expires Sept 13, 2008

[Seal]

This instrument was prepared by:
Middleberg, Riddle & Gianna
717 N. Harwood, Suite 2400
Dallas, TX 75201

**OHIO** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna                    Form 3036    1/01    *(Page 13 of 13 Pages)*

Loan No: 048300105686
Borrower: JEFFREY S. CARMAN

Data ID: 537

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 24th day of May, 2002, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to AEGIS MORTGAGE CORPORATION (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

2111 HARRISON AVE
LORAIN, OHIO 44055
[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

MULTISTATE 1-4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3170   1/01
(Page 1 of 3 Pages)

0483001056860135

# Legal Description

840706

**File Number: 01-OH12589**

Situated in the Township of Sheffield County of Lorain and State of Ohio:

and known as being Sublot Nos. 1, 2 inclusive, Block K, in the Lorain Heights Allotment, of part of the original Sheffield Township Lot No. 109, as shown by the recorded Plat in Volume 6, Page 21 of Lorain County Map Records. Said Sublot Nos. 1, 2, Block K, together form a parcel of land having a frontage of 120.00 feet on the Northerly side of Thirty-Second Avenue, now known as Harrison Street, and extending back between parallel lines 110 feet on the westerly line, 110 feet on the easterly line and having a rear line of 120.00 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Save and except the following easement:

Situated in the County of Lorain, State of Ohio and being known as part of Original Lot No. 109 in Sheffield Township and further known as part of Sublot No. 3, Block "K" in the Lorain Heights Allotment as recorded in Plat Volume 6, Page 21 of Lorain County Plat Records and being further bounded and described as follows:

Beginning at the intersection of the centerlines of Oakwood Street (60 feet wide) and Harrison Avenue (50 feet wide):

Thence South 87 degrees 43' 25" East a distance of 110.02 feet along the centerline of said Harrison Street to a point thereon;

Thence, North 00 degrees 00' 00" East a Distance of 105.02 feet along the Westerly line of said Sublot No. 3 to a point being the Principal Place of Beginning;

Thence, North 90 degrees 00' 00" East a distance of 10.00 feet to a point;

Thence, North 00 degrees 00' 00" East a distance of 29.60 feet to a point on the Northerly line of said Sublot No. 3 and also being a point on the Southerly line of an Alley (16 feet wide);

Thence, North 87 degrees 43' 25" West a distance of 10.01 feet along the Northerly line of said Sublot No. 3 and the Southerly line of said Alley to a point being the Northwesterly corner of said Sublot No. 3;

Thence, South 00 degrees 00' 00" West a distance of 30.00 feet along the Westerly line of said Sublot No. 3 to the Principal Place of Beginning.

**Parcel Number: 03-00-109-112-010,003-00-109-112-00**

MARY ANN JAMISON
LORAIN COUNTY
RECORDER

**Address:** 2111 Harrison Avenue, Lorain, Oh 44055

2002 JUL -9 A 8: 51

RECEIVED FOR RECORD

MAILED IN

$86.00
Joe

940122#1989

*Men* 2003052002
Cleveland Home Title Agency, LTD
6100 Rockside Woods Blvd., #305
Independence, OH 44131

After Recording Return To:

Decision One Mortgage Company, LLC
Agent for Metro Center Mortgage, Inc.
6060 J.A. Jones Drive, Suite 800
Charlotte, North Carolina 28287

——————— [Space Above This Line For Recording Data] ———————

Loan Number 2020030556550
MIN: 100077910000664884

# MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** **"Security Instrument"** means this document, which is dated **AUGUST 6, 2003**, together with all Riders to this document.
**(B)** **"Borrower"** is **JEFFREY S. CARMAN ABND GLENDA CARMAN, HUSBAND AND WIFE.** Borrower is the mortgagor under this Security Instrument.
**(C)** **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(D)** **"Lender"** is **Metro Center Mortgage, Inc.** Lender is a **FEDERAL SAVINGS BANK** organized and existing under the laws of **THE UNITED STATES OF AMERICA.** Lender's address is **ONE HOME LOAN PLAZA, SUITE 3, WARWICK, RHODE ISLAND 02886-1765.**
**(E)** **"Note"** means the promissory note signed by Borrower and dated **AUGUST 6, 2003.** The Note states that Borrower owes Lender **ONE HUNDRED SIX THOUSAND TWO HUNDRED AND 00/100ths** Dollars (U.S.$106,200.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **AUGUST 11, 2033.**
**(F)** **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**OHIO**--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3036 1/01 (rev. 2/02) *(page 1 of 13 pages)*

EXHIBIT
I

*J.S.C*
*S.C*

(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider

☐ Balloon Rider    ☐ Planned Unit Development Rider    ☒ Other(s) [specify] Floor Rate Rider

☐ 1-4 Family Rider    ☐ Biweekly Payment Rider

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the _____ **County** _____ of _____ **LORAIN** _____ : _____ [Type of Recording Jurisdiction]

[Name of Recording Jurisdiction]

**SEE ATTACHED SCHEDULE "A"**

OHIO--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3036 1/01 (rev. 2/02) *(page 2 of 13 pages)*

which currently has the address of  <u>**2113 HARRISON AVENUE**</u>

                                                        [Street]

<u>**LORAIN**</u>           , Ohio  <u>**44055**</u>      ("Property Address"):

         [City]                  [Zip Code]

     TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

     BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

     THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

     UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

     **1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

     Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds.

**OHIO**--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3036 1/01 (rev. 2/02) *(page 3 of 13 pages)*

Commonwealth Land Title Insurance Company

Commitment Number: 2003052002

## SCHEDULE C
## PROPERTY DESCRIPTION

The land referred to in this Commitment is described as follows:

Situated in the Township of Sheffield, County of Lorain and State of Ohio.

And known as being Sublot Nos. 3 inclusive, Block K, in the Lorain Heights Allotment, of part of original Sheffield Township Lot No. 109, as shown by the Recorded Plat in Volume 6, Page 21 of Lorain County Map Records.

Be the same more or less, but subject to all legal highways.

2113 Harrison Avenue
Lorain, Ohio 44055

PPN: 03-00-109-112-010

ALTA Commitment
Schedule C

(2003052002.PFD/2003052002/36)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Executed this 6 day of August, 2003

_____ (Seal)
**JEFFREY S CARMAN**                            -Borrower

_____ (Seal)
**GLENDA CARMAN**                              -Borrower

_____ (Seal)        _____ (Seal)
-Borrower                                         -Borrower

——————————————— [Space Below This Line For Acknowledgment] ———————————————

State of OHIO
County of LORAIN

The foregoing instrument was acknowledged before me this                    by **JEFFREY S. CARMAN ABND GLENDA CARMAN, HUSBAND AND WIFE**.

(Seal)                          THOMAS J. BLUE, JR.        _____
                                Notary Public              Notary Public
                                State of Ohio
                                My Commission Expires      Typed or printed name: _____
                                March 25, 2008

This instrument prepared by:
DECISION ONE MORTGAGE COMPANY, LLC, AGENT FOR METRO CENTER MORTGAGE, INC.
6200 OAK TREE BLVE, SUITE 260
INDEPENDENCE, OHIO 44131

**OHIO**--Single Family--Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**        Form 3036 1/01 (rev. 2/02) *(page 13 of 13 pages)*

# UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. 20050629

| | |
|---|---|
| Property Address 2113 Harrison Avenue | City Lorain | State OH | Zip Code 44055 |
| Legal Description LORAIN HTS FRNT 0040.00 DEPTH 0110.00 | | County Lorain |
| Assessor's Parcel No. 0300109112010 & 0300109112008 | Tax Year 2004 R.E. Taxes $ 1,676.78 Special Assessments $ N/A |
| Borrower Jeffery Carman | Current Owner Jeffrey & Glenda Carman | Occupant: [X] Owner [ ] Tenant [ ] Vacant |
| Property rights appraised [X] Fee Simple [ ] Leasehold Project Type [ ] PUD [ ] Condominium (HUD/VA only) HOA$ N/A /Mo. |
| Neighborhood or Project Name Lorain Heights | Map Reference 980567977 | Census Tract 0281 |
| Sale Price $ Re-Finance Date of Sale N/A | Description and $ amount of loan charges/concessions to be paid by seller N/A |
| Lender/Client Mortgage Pointe Lending Company | Address 1234 S. Cleveland-Massillon Road AKRON, OH 44321 |
| Appraiser Bruce H. Gosney | Address 3142 Broadway S-202 Grove City, Ohio 43123 |

### NEIGHBORHOOD

| Location | Urban [ ] Suburban [X] Rural [ ] | Predominant occupancy | Single family housing | Present land use % | Land use change |
|---|---|---|---|---|---|
| Built up | Over 75% [X] 25-75% [ ] Under 25% [ ] | | PRICE $(000) | AGE (yrs) | One family 90 | [X] Not likely [ ] Likely |
| Growth rate | Rapid [ ] Stable [X] Slow [ ] | Owner [X] | 95 Low 3 | 2-4 family 5 | [ ] In process |
| Property values | Increasing [ ] Stable [X] Declining [ ] | Tenant [ ] | 145 High 65+ | Multi-family | To: |
| Demand/supply | Shortage [ ] In balance [X] Over supply [ ] | Vacant (0-5%) [X] | Predominant | Commercial 5 | |
| Marketing time | Under 3 mos. [ ] 3-6 mos. [X] Over 6 mos. [ ] | Vacant (over 5%) [ ] | 115 50 | | |

Note: Race and the racial composition of the neighborhood are not appraisal factors.

Neighborhood boundaries and characteristics: SEE ATTACHED MAP ADDENDA FOR BOUNDARIES

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.):
The subject property is located in the Lorain Heights subdivision in Sheffield Township in northern Lorain County. The area is predominately single family homes in average to good condition. All essential services are within a reasonable drive of the subject. Demand/Supply for housing in this area is in balance due to its proximity to major employers and urban amenities.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time - - such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.):
Market values are stable due to the demand for properties in the subject's area, with average marketing times of three to six months. There are comparable properties listed for sale in the area. Financing available is typically conventional, however, FHA and VA financing are also available. Current cost of financing is affordable. Market transactions do not require creative financing.

Project Information for PUDs (if applicable) - - is the developer/builder in control of the Home Owner's Association (HOA)? [ ] Yes [ ] No
Approximate total number of units in the subject project N/A    Approximate total number of units for sale in the subject project N/A
Describe common elements and recreational facilities: N/A

### DESCRIPTION OF IMPROVEMENTS / SITE

| Dimensions Please refer to deed | | Topography | Level at street grade |
|---|---|---|---|
| Site area 0.20 Acre Corner Lot [X] Yes [ ] No | | Size | 0.20 Acre |
| Specific zoning classification and description R1 | | Shape | Irregular |
| Zoning compliance [X] Legal [ ] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning | | Drainage | Appeared Adequate |
| Highest & best use as improved: [X] Present use [ ] Other use (explain) | | View | Neighborhood |

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private | | |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | Asphalt | | [X] | Landscaping | Average |
| Gas | [X] | | Curb/gutter | None | | | Driveway Surface | Concrete |
| Water | [X] | | Sidewalk | None | | | Apparent easements | Standard Utility |
| Sanitary sewer | [X] | | Street lights | Vapor | | [X] | FEMA Special Flood Hazard Area [ ] Yes [X] No |
| Storm sewer | [X] | | Alley | None | | | FEMA Zone X Map Date 02/04/81 |
| | | | | | | | FEMA Map No. 390346-0045-B |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.: Improvements and services are typical for the market area. No apparent adverse easements, encroachments, conditions, or slide areas were noted. The subject site is level at street grade with average landscaping.

| GENERAL DESCRIPTION | | EXTERIOR DESCRIPTION | | FOUNDATION | | BASEMENT | | INSULATION | |
|---|---|---|---|---|---|---|---|---|---|
| No. of Units | 1 | Foundation | Con. Block | Slab | None | Area Sq. Ft. | 604 | Roof | [ ] |
| No. of Stories | 1.50 | Exterior Walls | Vinyl Siding | Crawl Space | 51 % | % Finished | 20 | Ceiling | [ ] |
| Type (Det./Att.) | Detached | Roof Surface | Asph Shgl | Basement | 49 % | Ceiling | Drywall | Walls | [ ] |
| Design (Style) | Cape | Gutters & Dwnspts. | Aluminum | Sump Pump | Yes | Walls | Drywall | Floor | [ ] |
| Existing/Proposed | Existing | Window Type | Double Hung | Dampness | Typ. of Age | Floor | Carpet | None | [ ] |
| Age (Yrs.) | 55+ Yrs. | Storm/Screens | Double Pane | Settlement | Typ. of Age | Outside Entry | No | Unknown | [X] |
| Effective Age (Yrs.) | 20 Years | Manufactured House | No | Infestation | None Noted | | | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | 604 |
| Level 1 | | 1 | | 1 | | | | 2 | 1 | Area | | 1,092 |
| Level 2 | | | | | | | | 2 | | | | 432 |

Finished area above grade contains: 6 Rooms; 4 Bedroom(s); 1.0 Bath(s); 1,524 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | | KITCHEN EQUIP. | | ATTIC | | AMENITIES | | CAR STORAGE | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Floors | Carpet/Good | Type | FHA | Refrigerator | [X] | None | | Fireplace(s) # No | | None | [X] |
| Walls | Plaster/Avg | Fuel | Gas | Range/Oven | [X] | Stairs | | Patio | No | Garage | # of cars |
| Trim/Finish | Wood/Avg-Good | Condition | Unknown | Disposal | | Drop Stair | | Deck | Yes | Attached | N/A |
| Bath Floor | Vinyl/Good | COOLING | | Dishwasher | [X] | Scuttle | [X] | Porch | Yes | Detached | N/A |
| Bath Wainscot | Ceramic/Good | Central | Yes | Fan/Hood | [X] | Floor | | Fence | No | Built-In | N/A |
| Doors | Hollow Core/Avg | Other | | Microwave | | Heated | | Pool | No | Carport | N/A |
| 100 Amp/CB | | Condition | Unknown | Washer/Dryer | | Finished | | | | Driveway | Concrete |

Additional features (special energy efficient items, etc.): The subject has double pane windows

Condition of the improvements, depreciation (physical, functional and external), repairs needed, quality of construction, remodeling/additions, etc.:
SEE ADDENDUM

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: Home was built prior to 1978 and may have asbestos and/or lead based paint containing materials. No adjustments were made to the comparables for they may have the same conditions.

EXHIBIT
J

Powered By appraisaf.com

# SURVEY WAIVER AFFIDAVIT

STATE OF OHIO                 )
                            )    ss.
COUNTY OF LORAIN       )

The undersigned Owners of Record, being duly sworn according to law, depose and state the following facts:

1.) I have personal knowledge of the facts stated in this affidavit.

2.) I am, and have been at all times relevant, the fee simple owner of certain realty, located at 2113 HARRISON AVENUE, SHEFFIELD TOWNSHIP, OHIO 44055, and that there have been no NEW IMPROVEMENTS made to this property since the date I established ownership of said premises. Said Premises are more fully described as follows:

### SEE ATTACHED EXHIBIT A

3.) Affiant states that, to the best of his knowledge, the existing structures on the property (house, garage, outbuildings, shed, patio, etc.) are within the boundary lines, easements or set back line(s) (if any) of said property and that no buildings, walls, or other improvements have been, or are being, erected on the subject property now, or since the date ownership began.

4.) Affiant states that he has been advised by the Lender that Affiant have the option to order, or waive, a Survey of the property that will secure the mortgage entered into between Affiant and the Lender.

5.) Affiant states that he has been advised that a Title Insurance Company will issue a policy free of exceptions for encroachments or encumbrances other than for Taxes not yet due and payable, whether or not Affiant order, or waive a Survey.

6.) Affiant states further that he has been advised that the Title Insurance Company will require a Certification from Affiant stating that no new improvements have been performed and that Affiant state that:

     a). No improvements, such as decks, fences, swimming pools, etc., have been made to the property.

     b). No alterations of the boundaries, including fences or dividing lines, have occurred.

     c). No other changes to the property have occurred which would be reflected by a current, accurate Survey.

If additions have been made, Affiant understand that the Title Company may require a Survey for which the Affiant will be charged, even if said Survey is not disclosed on the final GOOD FAITH estimate.

7.) Affiant states that he has been advised, and are fully aware, that the Lender, acting in full reliance of these statements, is making advancements, and that said Lender would not advance monies on the indebtedness evidenced by the mortgage without the Affiant statements.



**EXHIBIT**

K

8.) Affiant states that for valuable consideration, and to induce the Lender to advance this mortgage loan without Affiant having to incur the costs of a Survey, Affiant agree to hold harmless the Lender, and its assigns, from any responsibilty or liablility resulting from the lack of a Survey being obtained.

9.) The statements mentioned above are true and accurate to the best of my knowledge.

FURTHER, AFFIANT SAYETH NOT.

_Jeffrey S Carman_
Affiant: JEFFREY S. CARMAN

Sworn to and subscribed before me this 28th day of February, 2005.

Notary Public

My Commission Expires:

 Redacted


Redacted
Redacted
Redacted

Investor Loan Redacted

This document was prepared by Ocwen Loan Servicing, LLC

**After Recording Return To:**
Ocwen Loan Servicing, LLC
Attention: Modification Processing
PO Box 24737
West Palm Beach, FL 33416-9838

_____[Space Above This Line For Recording Data]_____

## HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"): Jeffrey S Carman

Lender/Servicer or Agent for Lender/Servicer ("Lender"): Ocwen Loan Servicing, LLC

Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 02/28/2005

Loan Number: Redacted

Property Address ("Property"): 2113 Harrison Ave Lorain, OH 44055-3419

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) The Mortgage on the Property, and (2) The Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, in the real property records of LORAIN County, OH. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 2113 Harrison Ave Lorain, OH 44055-3419, which real property is more particularly described as follows:

Page 1



**Redacted**

## BORROWER ACKNOWLEDGEMENT

Each of the Borrower(s) and the Lender acknowledge that no representations, agreements or promises were made by the other party or any of its representatives other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.



Redacted
Redacted

All individuals on the mortgage, note and the property title must sign this Agreement.

6-24-2016
Date

Jeffrey S Carman

Page 8



## BALLOON PAYMENT DISCLOSURE

Redacted
Redacted

Borrower(s) ("I"): Jeffrey S Carman

Servicer ("Servicer"): Ocwen Loan Servicing, LLC

Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 02/28/2005

Loan Number Redacted

Property Address: 2113 Harrison Ave Lorain, OH 44055-3419

THIS BALLOON PAYMENT DISCLOSURE is made this 03 day of Jun, 2016, and is incorporated into and shall be deemed to supplement the Loan Modification Agreement ("Agreement") of the same date given by the undersigned Borrower(s). The Agreement contains a balloon payment provision representing the amount of the Deferred Principal Balance under the Agreement. The Agreement also contains a principal reduction feature that may reduce the Deferred Principal Balance in three equal installments of $17,104.73 in accordance with Section 3(C) of the Agreement, provided that the Borrower remains eligible for principal reduction for the time period specified in Section 3(C) of the Agreement.

A balloon payment is a scheduled lump sum usually due at the end of the mortgage loan term that is significantly larger than the other regularly scheduled periodic payments. This means that even if I make all payments full and on time, the loan will not be paid in full by the final payment date. The amount of the balloon payment may vary depending on my payment history. If my loan is an adjustable rate mortgage, the amount of the balloon payment also may vary based on any interest rate changes that occur during the life of the loan.

If the Borrower remains eligible for the time period specified in the following table, the Deferred Principal Balance will be adjusted to the amounts reflected in the table.

| Duration of Eligibility | Deferred Principal Balance due on Maturity |
|---|---|
| 08/01/2016 up to 05/01/2017 | $90,487.87 - NO ADJUSTMENT |
| 05/01/2017 up to 05/01/2018 | $73,383.14 |
| 05/01/2018 up to 05/01/2019 | $56,278.41 |
| 05/01/2019 up to 09/01/2035 | $39,173.68 |

THIS CONTRACT IS NOT PAYABLE IN INSTALLMENTS OF EQUAL AMOUNTS: AN INSTALLMENT OF $39,173.68 WILL BE DUE AND PAYABLE IN FULL ON 09/01/2035, PROVIDED THAT ALL PAYMENTS ARE MADE IN ACCORDANCE WITH THE LOAN TERMS AND THE INTEREST RATE DOES NOT CHANGE FOR THE ENTIRE LOAN TERM. The balloon payment on the loan modification I have applied for is due 230 months from the effective date of the modification.

*Notice required by North Dakota law:*

CAUTION TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN DUE, IT MAY BE NECESSARY FOR YOU TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY FOR THIS PURPOSE AND YOU MAY BE REQUIRED TO AGAIN PAY COMMISSION AND EXPENSES FOR ARRANGING THE LOAN. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THE LOAN MODIFICATION THAT YOU OBTAIN AT THIS TIME.

Page 9

RedactedRedacted

I/we have read the above disclosure and acknowledge receiving a copy by signing below.

*All individuals on the title (even if not a borrower on the note) must sign this agreement. If there are more than two title holders to this property, please have them sign below.

Redacted
Redacted
Redacted
Redacted

06 / 24 / 2016
Date (MM/DD/YYYY)

Jeffrey S Carman

058959#2181

EXHIBIT

After recording please return to:

GreenPoint Mortgage Funding, Inc.
*[Company Name]*

*[Name of Natural Person]*

981 Airway Court, Suite E
*[Street Address]*

Santa Rosa, CA, 95403-2049
*[City, State Zip Code]*

Redacted

*[Space Above This Line For Recording Data]*

Loan Number: Redacted

# MORTGAGE

MIN: Redacted

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)    "Security Instrument" means this document, which is dated February 28, 2005, together with all Riders to this document.

(B)    "Borrower" is Jeffrey S Carman and Glenda Carman, Husband And Wife.

Borrower is the mortgagor under this Security Instrument.

(C)    "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)    "Lender" is GreenPoint Mortgage Funding, Inc.

Lender is a Corporation                                       organized and existing under the laws of the State of New York. Lender's address is 100 Wood Hollow Drive, Novato, CA 94945.

(E)    "Note" means the promissory note signed by Borrower and dated February 28, 2005. The Note states that Borrower owes Lender One Hundred Thousand and 00/100ths Dollars (U.S. $100,000.00)

Ohio Mortgage—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    MERS Modified Form 3036 01/01
—THE COMPLIANCE SOURCE, INC.—                                       Page 1 of 15
www.compliancesource.com

Redacted

*MAIL EDF*    TAYLOR, LEFTWICH & ANTHONY, L.L.C.

Redacted

**EXHIBIT**

tabbies    M

Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of Lorain

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

As more particularly described in exhibit "A" attached hereto and made a part hereof.

Parcel No.: 03-06-109-112-010

which currently has the address of 2113 Harrison Avenue
                                    [Street]

Sheffield Township        , Ohio 44055            ("Property Address"):
[City]                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

Ohio Mortgage Single Family Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          MERS Modified Form 3036 01/01
— THE COMPLIANCE SOURCE, INC. —          Page 3 of 15

UNOFFICIAL

Redacted

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
TED N. TANCZUK                         Jeffrey S. Carman              -Borrower

                                     _____ (Seal)
                                       Glenda Carman                  -Borrower

                                     _____ (Seal)
                                                                      -Borrower

                                     _____ (Seal)
                                                                      -Borrower

                        (Acknowledgment on Following Page)

Ohio Mortgage-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       MERS Modified Form 3036 01/01
—THE COMPLIANCE SOURCE, INC.—                Page 14 of 15                   14301OH 08/00

**UNOFFICIAL**

**Redacted**

State of     OHIO          §

County of    LORAIN       §
                             §

Before me the undersigned authority, on this day personally appeared Jeffrey S Carman and Glenda Carman , HUSBAND AND WIFE

known to me (or proved to me through an identity card or other document) to be the person(s) whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal on this     28TH     day of    FEBRUARY , 2005



TED N. TANDZUK
Notary Public, State of Ohio
My Commission Expires 1-26-2008

_____
Notary Public
My Commission Expires:

This instrument was prepared by:

Midwest Branch Office
[Company Name]

480 Olde Worthington Road Suite 150
[Street Address]

Westerville, OH 43082
[City, State, Zip Code]

Ohio Mortgage Single Family Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       MERS Modified Form 3036 01/01
- The Com...

Redacted

EXHIBIT A

Situated in the Township of Sheffield, County of Lorain and State of Ohio:

And known as being Sublot No. 3 Block K, in the Lorain Heights Allotment, of part of Original Sheffield Township, Lot No. 109 as shown by the recorded plat in Volume 6, Page 21 of Lorain County Map Records. Said Sublot No. 3 Block K, together form a parcel of land having a frontage of 40.00 feet on the Northerly side of Thirty-Second Avenue, now known as Harrison Street, and extending back between parallel lines 110 feet on the Westerly line, 110 feet on the easterly line and having a rear line of 40.00 feet as appears by said plat, be the same more or less, but subject to all legal highways.

PARCEL NUMBER:   03-00-109-112-010



UNOFFICIAL

Loan Number 

# ADJUSTABLE RATE RIDER
(LIBOR Six-Month Index (As Published by the Wall Street Journal) - Rate Caps Accrued Interest Only for Fixed Rate Period)

THIS ADJUSTABLE RATE RIDER is made this 28th day of February, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to GreenPoint Mortgage Funding, Inc. ("Lender") of the same date and covering the property described in the Security Instrument and located at:

2213 Harrison Avenue, Sheffield Township, OH 44055

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of 5.875%. The Note provides for changes in the interest rate and the monthly payments, as follows:

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
(A) Change Dates
The interest rate I will pay may change on the first day of April 2010, and on that day every six months thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar denominated deposits in the London market as published by the Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, or is no longer published, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding Two and 250/1000ths percentage points (2.250%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.
During the Interest Only Period (which is the period when my payments are of interest only) the Note Holder will determine the amount of the monthly payment as the amount of interest due at the new interest rate on the unpaid principal. The result of this calculation will be the new amount of my monthly payment.
After the Interest Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date with interest at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes
The interest rate I am required to pay at the first Change Date will not be greater than 10.875% or less than 2.250%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than

Adjustable Rate Rider
GreenPoint Mortgage